By the Court:

Monell, J.
There was some, evidence in this case, sufficient, I think, to have gone to the jury, that the elevator which fell with the deceased was constructed wholly or in part by the defendants. The contractor testified that he put the platform together, but the drum, which was the cause of its falling, had been constructed by the defendants. 'There was also some evidence of the insufficiency or insecurity of this apparatus, sufficient, perhaps, to charge the defendants with negligence, if they occupied such a relation to the deceased as, upon principles applicable to the case, would otherwise render them liable.
The elevator was, however, in the possession of, and, at the' time of the accident, being. operated by and for the defendants’ contractor, and the deceased was in his employment, and, there-, fore, his servant. It did not appear that the defendants had any control over the apparatus, or were in any manner connected with its operation. They merely gave the use of it to the contractor, and supplied the requisite power.
This is a case quite different, therefore, from the qlass of cases where a master is held liable for an injury to his servant caused by his negligence, or by defective or unsuitable machinery, which ' the servant, in the course of his employment, is required to use. In those cases, the liability rests solely upon the relation of master and 'servant, and the employer is bound to exercise all ordinary care, and the servant has a right to rely upon such care. The rule is, that a servant is under the control and is bound to obey the. orders and directions of his master; and where a servant, who has not the same means of knowledge of the safety *548 of machinery as his employer, is injured by some defect in it, which was known to the master, or which he had negligently failed to ascertain, and therefore ought to have known, the liability of the master is, in such a case, founded upon the same principle (Ryan v. Fowler, 24 N. Y. R., 410 ; Loonan v. Brockway, 3 Robt., 74).
But where the relation of master and servant does not exist between the party charged with negligence and the injured person, the principle which underlies the liability of the" master does not apply. In this case no such relation existed between the defendants and the deceased. The work in which he was engaged was being done under a contract between the defendants' and one Tucker, in serving whom the deceased was killed. He was the servant of the contractor, and the rule of respondeat superior has no application (Blake v. Ferris, 5 N. Y. R., 48). . ,
Nor was this a case falling within the principle which holds a party liable for an injury sustained by any one without fault, xvhich was the probable consequence of his own negligence, when such negligence was imminently dangerous to life (Thomas v. Winchester, 6 N. Y., 397; Smith v. N. Y. & Harlem R.R. Co., 19 id., 127).
For these reasons I am of the opinion that no cause of action against the defendants was shown, and the complaint was, therefore, properly dismissed.. "
I am in favor of affirming the judgment.